# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Magistrate No. 15-M-819 |
| | : | |
| **ALEXANDER CAPASSO** | : | |
| | : | Detention Hearing: July 24, 2015 |
| Defendant. | : | |

## GOVERNMENT'S SUPPLEMENTAL MOTION FOR PRETRIAL DETENTION OF DEFENDANT ALEXANDER CAPASSO

The United States of America by and through its attorney, the Eastern District of Pennsylvania and the District of Columbia, submits this Supplemental Memorandum in support of its request that defendant, Alexander Capasso, be detained pursuant to both 18 U.S.C. § 3142(e), because the offense involved a minor victim, and pursuant to 18 U.S.C. § 3142(f)(1)(A), because Distribution of Child Pornography, in violation of 18 U.S.C. §2252(a), is defined as a crime of violence, and because there is no condition or combination of conditions that will reasonably assure the safety of any person and the community.

Since the government's filing of its detention memorandum on July 21, 2015, investigators have begun a formal extraction process of the electronics seized from the defendant's residence. Accordingly, the government is filing this supplement with the additional evidence for the Court to consider in the detention analysis.

### Evidence Extraction

The defendant, Alexander Capasso, has been charged by complaint in the District of Columbia with one count of Distribution of Child Pornography, in violation of Title 18 United States Code Section 2252(a)(2). This offense carries a mandatory minimum of 5 years incarceration.

1

On July 20, 2015, the defendant was arrested at his residence in Collingswood, New Jersey. At the time of his arrest, a search warrant was executed, and several phones and laptops were seized pursuant to this search warrant.

Since July 21, 2015, investigators and undersigned D.C. government counsel have been reviewing the images and videos on the defendant's cracked-screen blackberry. This is the same cracked-screen blackberry that the defendant had texted a photograph of during the course of his communications with the undercover officer ("UC"), which he had indicated contained the child pornography images of the defendant's ex-girlfriend's 5-year-old niece. Additionally, this is the same cracked-screen blackberry that the defendant had intentionally lied about to investigators when he told the UC that he had dumped this phone over a bridge a few days earlier.

An analysis of the files, videos, and images on this specific phone revealed the following corroborating evidence of the defendant's distribution and production of child pornography, and sexual abuse of the 5-year-old child:

(1) Saved on the phone were the same three images that the defendant had texted to the UC of the close-up shots of the 5-year-old child's vagina.

(2) A file entitled "Mike" that contained numerous child pornography images of the 5-year-old child. As noted in the government's initial memorandum, the defendant introduced himself to the UC over text as "Mike."

(3) There are over thirty child pornography images of the 5-year-old child, with some of these images also depicting her face. Also on the phone were non-pornographic images of the same 5-year-old child at a dance concert or attending family events. Specifically, the child pornography images of the 5-year-old girl range from close-up shots of her vagina to images of her wearing only a dress, sitting with her legs open, without underwear, and her

2

vagina clearly displayed in the photograph. In one of these images, the child is sitting on a sofa, her legs apart, her vagina visible, and a black cat is sitting on her lap. Next to her is a boy, approximately 10 years old, who is resting his head on her chest. This same boy appears in several other images, including one child pornographic image of the boy with his mouth on the bare breast of an adult woman.

(4) A video of a young child in bed. Although her face is not depicted in the video, it is likely the same 5-year-old child. An adult woman is kneeling next to the child and is licking the child's vagina as the child lays motionless on the bed. The individual holding the camera pans down towards the ground and there is a glimpse of the individual's legs and feet, consistent with this individual being a male. A screen shot of this video was also created and saved as an image on the phone. Of note, as indicated in the government's initial detention memorandum and in the arrest warrant affidavit, the defendant texted the UC that his ex-girlfriend would "lick" the 5-year-old child's niece. Specifically, the defendant texted the UC: "I would watch them lick each other, she was 5-6." The video recovered from the defendant's phone corroborates the sexual abuse of this child that the defendant not only witnessed and encouraged, but recorded for his own perverse pleasure.

(5) As indicated in the arrest warrant affidavit, after telling the UC that his ex-girlfriend would "lick" the 5-year-old child's vagina, the defendant also texted that "[s]he got her to start letting the dog lick her too." Included on the defendant's blackberry is a video of the same adult woman mentioned above performing fellatio on a dog.

(6) A video of what appears to be the same 5-year-old child (her face is not visible) lying motionless on her bed. Her buttocks are exposed as the male holding the camera approaches closer to the bed. The male then exposes his penis in the lower frame of the

image near the child's buttocks. The male's white hand is touching his penis, consistent with the male masturbating himself as the child sleeps with her buttocks exposed in the video. The child moves slightly in the bed, and the video abruptly stops.

(7) Although not mentioned in either the arrest warrant affidavit or the government's initial detention memorandum, during the course of his lengthy communication with the UC, the defendant texted that he would "spread the nieces ass open while she's sleeping." A video was identified on the defendant's blackberry of a white male hand separating a child's buttocks to expose her anus for the camera. This video corroborates the defendant's admission to the UC and provides further support that the pornographic images of the 5-year old child were ones that the defendant, himself, specifically produced – and then distributed to the UC during their text exchange.

(8) In addition to the numerous child pornography images of the 5-year-old girl on the defendant's blackberry, there were also numerous child pornography images that appear to have been downloaded and saved from the Internet of numerous different young children engaged in a multitude of sexual acts.

(9) A video of the adult woman mentioned above lying unconscious in a bed. The male recording the video exposes his penis and then inserts his penis in and out of the adult woman's open mouth as she continues to lay unconscious in the bed.

Accordingly, this evidence further demonstrates the strength of the government's distribution case, but also provides further support for just how dangerous this defendant is to the community- and specifically, to the children in our community. It is clear that the defendant is a sexual predator who not only distributed child pornography to the UC, but produced these images and videos at the expense of the chronic sexual abuse of a 5-year-old child. For these reasons, and the

4

reasons already provided in the government's initial memorandum, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required and/or the safety of the community. Furthermore, in light of the newly discovered evidence on the defendant's electronics, the defendant will likely be facing additional charges for Production of Child Pornography, which carries a mandatory minimum penalty of 15 years incarceration, and thus, would present a clear flight risk if released.

WHEREFORE, for these reasons, the United States respectfully requests that this Court issue an order of detention pending trial.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

/s/ Kevin R. Brenner
KEVIN R. BRENNER
Assistant United States Attorney

By: /s/ Lindsay Suttenberg
Lindsay Suttenberg
Assistant United States Attorney
D.C. Bar No. 978513
555 Fourth Street, N.W.
Washington, D.C. 20001
(202) 252-7017
Lindsay.Suttenberg@usdoj.gov

# CERTIFICATE OF SERVICE

      I hereby certify that I caused a true and correct copy of Government's Supplemental Motion for Pretrial Detention be served upon current defense counsel, Mira Meehan, Esq.

                                        /s/   Lindsay Suttenberg
                                        LINDSAY SUTTENBERG
                                        Assistant United States Attorney
                                        District of Columbia

Dated: July 23, 2015